<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCIA COPELAND, MD, *Plaintiff*, v. TOWNHOUSE AT ST. REGIS, et al., *Defendants*. | Civil Action No. 24-6687 **OPINION** April 2, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendants Robert Becker and State of New Jersey ("Defendants") motion to dismiss in lieu of an answer. (ECF 12, "Def. Br.") The Court reviewed all submissions in support and in opposition and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motion to dismiss is **ADMINISTRATIVELY TERMINATED** as moot, and Plaintiff's Complaint (ECF 1) is **DISMISSED with prejudice**.

Plaintiff Marcia Copeland ("Copeland") brings this *pro se* action concerning a state court default judgment entered against her in 2021. (ECF 1, "Compl"; Def. Br. at 2-3.) Copeland has filed multiple meritless complaints against members of the New Jersey judiciary, federal judiciary, New Jersey state government, federal government, and attorneys concerning a different state court default judgment entered against her in February 2012. *See Copeland v. Abo & Company, LLC et al.*, 1:13-cv-03978-RMB-KMW ("Copeland I"); 1:13-cv-03979-RMB-KMW ("Copeland II"); 1:13-cv-04232-RMB-AMD ("Copeland III"); *Copeland v. United States Department of Justice*,

3:15-cv-07431-AET-TJB ("Copeland IV"); *Copeland v. State of New Jersey, et al.*, 1:17-cv-12104-NLH-JS ("Copeland V"); 1:18-cv-10554-NLH-JS ("Copeland VI"); *Copeland v. Wilmington Trust, et al.*, 3:24-cv-04084-GC-RLS ("Copeland VII"); *Copeland, et al. v. Thompson et al.*, 2:23-cv-23409-JKS-JRA ("Copeland VIII"); *Copeland v. Stein et al.*, 2:24-cv-07971-JKS-JRA ("Copeland IX").[1]  Her complaints have repeatedly been dismissed by New Jersey and federal courts; her federal actions have been dismissed on several grounds including judicial immunity, res judicata, New Jersey's entire controversy doctrine, the *Rooker-Feldman* doctrine, and failure to state cognizable claims.  *See id.*

On September 28, 2021, Judge Hillman entered an order barring Copeland from filing any further lawsuits in this District related to "the same subject matter of her prior cases (Copeland I through Copeland VII) …without prior permission of the Court."  (Copeland VI, ECF 14 at 2.)  In an accompanying opinion, Judge Hillman found that the "history of this case and Plaintiff's unrelenting efforts to relitigate a 2012 state court judgment by filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved appears to warrant the imposition of sanctions in the form of a litigation preclusion order." (Copeland VI, ECF 13 at 5.)  Judge Hillman further noted:

> The federal district court is not Plaintiff's playground, although she has treated it as such. Moreover, Plaintiff's efforts to repeatedly regurgitate the same unmeritorious claims against the same defendants in this Court and others demonstrates that Plaintiff's aim is not for the vindication of valid claims but for harassment. There is no question that Plaintiff's pattern of vexatious litigation must be stopped.

---

[1] Plaintiff has also brought numerous lawsuits arising out of separate foreclosure actions on her other New Jersey properties.  *See Copeland v. Township of Pennsauken*, 1:14-cv-02002-RMB-AMD; *Copeland v. Newfield Bank*, 1:17-cv-00017-NLH-KMW; *Copeland v. U.S. Bank, et al.*, 1:18-cv-19-NHL-KMW; *Copeland v. U.S. Bank Cust PC5 Sterling National, et al.*, 3:20-cv-07016-FLW-DEA; *see also* Copeland VII (claim arising from 2012 foreclosure action as well as foreclosure of several properties located in New Jersey).

2

(*Id*.)

Notwithstanding the preclusion order, Plaintiff brought two virtually duplicative actions before this Court without its approval, alleging that the State of New Jersey and members of the judiciary violated her federal civil rights pursuant 42 U.S.C. § 1983. *See* Copeland VIII; Copeland IX. This Court dismissed those lawsuits as "renewed attempts to harass and relitigate" the 2012 state foreclosure action and issued an order to show cause as to "why this Court should not enter a preclusion order and enjoin Plaintiff[]…from filing any claims in this District involving or arising out of foreclosure actions in New Jersey state court without prior leave of the Court." *Copeland v. Thompson*, No. 23-23409, 2024 WL 4381729, at *2 (D.N.J. Oct. 3, 2024). After providing Plaintiff with notice and an opportunity to be heard, this Court issued a preclusion order enjoining Copeland from filing "any claims in this District involving or arising out of foreclosure actions in New Jersey state court" without prior leave of the Court.[2] *See* Oct. 18, 2024 Order, *Copeland v. Thompson, et al.*, No. 23-23409, at 3 ("2024 Preclusion Order").

This is the fourteenth federal court action filed by Plaintiff related to a state court foreclosure action against her. In the instant action, Copeland alleges that Defendants violated her Fourth, Fifth, and Fourteenth Amendment rights in adjudicating the foreclosure action and authorizing a sheriff's sale of her property. (Def. Br. at 4; Compl. at 2.) Plaintiff brings this claim against her adversary in the foreclosure action, Defendant Townhomes at St. Regis Association[3],

---

[2] The Order specifies that this includes "any claims against federal, state, and local governments, federal, state, and local government employees, law firms and employees, attorneys, judges, clerks, other judicial officers, accounting firms and employees, accountants, banks and employees, title companies and employees, insurance companies and employees, and condominium associations and employees." Oct. 18, 2024 Order, No. 23-23409 at 3.

[3] Defendant Townhomes at St. Regis Association was incorrectly named in the Complaint as Townhouse at St. Regis.

her adversary's counsel, Defendant Hill Wallack, LLP, the manager of her adversary's accountant firm, Defendant Eileen Lukas, the Judge presiding over the foreclosure action, Defendant Hon. Robert P. Becker Jr., the Gloucester County Sheriff's Office, who conducted a sheriff's sale of the property in the underlying state court action, the United States Government, and the State of New Jersey. (Compl. at 1; Def. Br. at 5.)  After reviewing the Complaint, the Court recognizes that this is another one of "Plaintiff's unrelenting efforts to relitigate" a state court judgment "by filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved[.]" *Copeland*, 2019 WL 494823, at *2.  This Court enjoined Copeland from filing "**any claims** in this District **involving or arising out of foreclosure actions in New Jersey state court** without prior leave of the Court[.]" (2024 Preclusion Order at 3) (emphasis added). Moreover, Defendants in this lawsuit fall squarely within the defined parameters of this Court's preclusion order. (*Id.*) ("against federal, state, and local governments…employees…judges… accounting firms and employees, accountants…and condominium associations and employees").

This Complaint clearly falls within the bounds of this Court's injunction and is therefore precluded because Copeland failed to obtain leave of the Court before filing it. (*Id*.) The Complaint is accordingly **DISMISSED with prejudice**.  *See Copeland v. Wilmington Tr.*, No. 24-04084, 2024 WL 4932820, at *3 (D.N.J. Dec. 2, 2024) (dismissing Plaintiff's claims with prejudice for violating Judge Hillman's September 28, 2021 preclusion order); *see also Gage v. State of New Jersey*, No. 19-9098, 2019 WL 7293564 (D.N.J. Dec. 30, 2019) (dismissing for violating preclusion order), *aff'd*, No. 20-1075 (3d Cir. Oct. 8, 2020).

## **CONCLUSION**

For the reasons stated above, the motion to dismiss (ECF 12) is **ADMINISTRATIVELY TERMINATED** as moot, and Plaintiff's Complaint (ECF 1) is **DISMISSED with prejudice**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: José R. Almonte, U.S.M.J.
Parties